UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD COHAN,

    Plaintiff,

v.                                                    Case No: 2:14-cv-337-FtM-38DNF

MARCO ISLAND MARINA ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #6) filed on August 14, 2014. Plaintiff filed a Response in Opposition on August 27, 2014. (Doc. #8). Thus, the Motion is ripe for review.

## Background

Plaintiff is an individual who suffers from numerous disabilities, including, but not limited to, spinal stenosis. (Doc. #1 at 2). As a result of their severity, Plaintiff's disabilities are classified as "qualified disabilities" under the Americans with Disabilities Act ("ADA"), and require him to utilize "a handicap parking space, [a] parking access aisle[,] and . . . a lift for pool and Jacuzzi accessibility." (Doc. #1 at 2). Defendant is the lessee, operator,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

owner, and lessor of real property located at 1402 North Collier Boulevard, Marco Island, Florida 34145 ("Defendant's Property").  (Doc. #1 at 2).

On or about October 30, 2013, Plaintiff visited Defendant's Property, but was "denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within [Defendant's Property], even though he would be classified as a 'bona fide patron.'"  (Doc. #1 at 2).  As Plaintiff explains, "[t]he outdoor pool [at Defendant's Property] does not provide an accessible means of entry required by providing a swimming pool lift."  (Doc. #1 at 6).  Plaintiff once again visited Defendant's Property on or about March 12, 2014, and noted that Defendant had failed to eliminate this barrier to Plaintiff accessing Defendant's outdoor pool.  (Doc. #1 at 2, 6).  Based on these factual allegations, Plaintiff brings this action, alleging a single count violation of the ADA.  (Doc. #1).

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (discussing a Rule 12(b)(6) dismissal); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqba l, 556 U.S. at 678*. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

**Discussion**

Defendant brings the instant Motion asserting three reasons as to why Plaintiff's Complaint should be dismissed. First, Defendant asserts that it is statutorily exempt from application of the ADA because it is a private, not public, club. (Doc. #6 at 4-5). Next, Defendant argues that Plaintiff's Complaint fails to plead the necessary factual predicate in order to bring a claim under the ADA. (Doc. #6 at 5-6). Third and finally, Defendant moves the Court to dismiss Plaintiff's Complaint on the basis that Plaintiff lacks standing under Title III of the ADA to bring this action. (Doc. #6 at 6-7). The Court will address each argument in turn.

*1. Defendant's Statutory Exemption*

Defendant begins its Motion by arguing that because it is a private, membership-only club, it is statutorily exempt from application of the ADA. In support of this argument, Defendant first notes that "[p]ursuant to the ADA's statutory limitations, [] Congress explicitly exempted private member clubs and organizations from application of the ADA." (Doc. #6 at 4 (citing 42 U.S.C. § 12187)). As Defendant explains, in order to qualify for this statutory exemption, "an organization must be: (1) an association of persons organized for the recreational, social or other objective; (2) legitimate; (3) private; and (4) require some meaningful conditions of limited membership." (Doc. #6 at 4-5 (citing *Rasumseen v. Central Florida Council of Boy Scouts*, Case No. 6:07-cv-1091, 2008 WL 681055 at *10 (M.D. Fla. Mar. 7, 2008) *clarified on denial of reconsideration*, 2008 WL 1744773 (M.D. Fla. Apr. 11, 2008)).

Based on these four criteria, Defendant believes that there is no question that it qualifies for the statutory exemption. First, Defendant notes that it "operates a private marina association for the benefit of its members and their guests" and that its "facilities are not open to the general public." (Doc. #6 at 5). Second, Defendant directs the Court's attention to the fact that its "[m]embers must be approved for membership . . . and be current on all dues and quarterly assessments in order to utilize [its] facilities. . . ." (Doc. #6 at 5). Finally, Defendant believes Plaintiff has failed to set forth any "facts to establish that [Defendant] is not a social organization, private, legitimate, and has a limited membership." (Doc. #6 at 5). Consequently, Defendant avers that it "is fully exempt from the ADA and Plaintiff's Complaint should be dismissed with prejudice." (Doc. #6 at 5).

In Response and in similar fashion to Defendant, Plaintiff also directs the Court's attention to Rasmussen, 2008 WL 681055. In doing so, Plaintiff first admits that Defendant correctly notes that the *Rasmussen* Court "first held that a private 'membership organization' does not constitute a place of public accommodation [under the ADA]." (Doc. #8 at 4 (citing *Rasmussen*, 2008 WL 681055)). However, as Plaintiff elucidates, the *Rasmussen* Court continued its analysis and further held that "because the plaintiff was denied access to the certain facilities that qualified as places of public accommodation, the plaintiff was denied access to the same and had a viable Title III claim, despite [the defendant] being a private membership club." (Doc. #8 at 4 (citing Rasmussen, 2008 WL 681055)).

Therefore, Plaintiff avers that "even if Defendant is deemed to be a private member club or organization, which Plaintiff denie[s], it will not alleviate Defendant's obligation to comply with the ADA as to places of public accommodation under Defendant's control." (Doc. #8 at 4). In support, Plaintiff notes that he "has alleged and will be able to prove that Defendant allows transient guests to access its Premises and utilize its facilities." (Doc. #8 at 4). Consequently, because the "ADA clearly delineates" that a "sales or rental establishment" is a place of public accommodation, Plaintiff asserts that "Defendant . . . allowing rentals of its facilities on a transient basis" mandates the Court to conclude that Defendant "is running a place of public accommodation subject to the requirements of the ADA." (Doc. #8 at 5).

There is no question that statutory exemption is classified as an affirmative defense. See Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1013 (11th Cir. 1982) ("[W]e note that the courts have generally treated statutory exemptions from

remedial statutes as affirmative defenses.") (collecting cases). And it is well-established in the Eleventh Circuit that "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g,* 764 F.2d 1400 (11th Cir. 1985). But "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Id.* (internal citations omitted). With that being said, "plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta,* 358 F.3d at 845 (internal citations and quotations omitted).

Here, based on the face of the Complaint, the Court agrees with Plaintiff that dismissal on the basis of a statutory exemption affirmative defense is not warranted at this stage in the litigation. While Defendant makes a convincing argument that it could qualify as a private, members-only club, which would exempt it from the ADA, Plaintiff makes an equally convincing argument that Defendant's rentals could bring it under the classification of a public accommodation. A review of 42 U.S.C. § 12182(a) indicates that "rental establishments" are classified as places of public accommodation under the ADA. Therefore, taking the factual allegations alleged in Plaintiff's Complaint in the light most favorable to Plaintiff, the non-movant, a question remains as to whether Defendant's admitted rentals to individuals on a transient basis disqualifies it from the private club statutory exemption of the ADA. While this issue could very well be determinable and dispositive at the summary judgment stage, at this stage of the litigation, Defendant's Motion to Dismiss on the basis of a statutory exemption affirmative defense must be denied.

### *2. Whether Plaintiff Stated a Claim Upon Which Relief Could be Granted*

Defendant continues his Motion by next arguing that "[e]ven if the Court were to determine that [Defendant] is subject to Title III of the ADA, which it specifically denies, Plaintiff's Complaint fails to sufficiently set forth facts under Title III showing that he is entitled to relief." (Doc. #6 at 5). In support, Defendant notes that "[i]n essence, [Plaintiff] alleges only one violation of the ADA in that that [sic] [Defendant] discriminated against him by failing to provide a pool lift." (Doc. #6 at 5 (citing Doc. #1 at 6, ¶18)). However, according to Defendant, "[r]elevant ADA standards do not require a pool lift in a pool." (Doc. #6 at 5). Instead, Defendant avers that "[u]nder the ADA 2010 standards, a swimming pool need only have 'two accessible means of entry,'" and "[a] pool lift is only one means of entry." (Doc. #6 at 5). Therefore, Defendant contends that "[t]he lack of a pool lift does not itself violate the ADA standards." (Doc. #5 at 6 (citing *Cohan v. Ocean Club at Deerfield Beach Condo Ass'n*, Case No. 14-60196-CIV, 2014 WL 1274128 (S.D. Fla. Mar. 27, 2014)).

In Response, Plaintiff first provides the Court with the three elements that must be pled in order for him to properly state a claim under the ADA: "(1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." (Doc. #8 at 5). Based on these elements, Plaintiff avers that he has sufficiently stated a claim for a violation of the ADA upon which relief can be granted. In support, Plaintiff notes that in his Complaint he alleged, (1) "that he suffers from a qualified disability"; (2) "that Defendant owns, leases, or operate [sic] a place of public accommodation"; and (3) "that Defendant discriminated against him within the meaning of the ADA and provides

7

the exact provisions of the ADA that Defendant has violated." (Doc. #8 at 5). As such, Plaintiff believes that his "Complaint fully apprises Defendant of Plaintiff's qualified disability, [Defendant's Property] that [is] the subject of this matter, and how Defendant has discriminated against Plaintiff." (Doc. #8 at 5).

Here, the Court agrees with Defendant that Plaintiff has failed to state a claim for a violation of the ADA upon which relief can be granted. As noted above, in support of its argument Defendant relies on a case from our sister district: Cohan, 2014 WL 1274128. In Cohan, the court addressed the exact issue that is before this Court today – whether Plaintiff's single allegation that Defendant failed to provide a pool lift is sufficient to state a violation of the applicable ADA standards. 2014 WL 1274128. In answering that question in the negative, the Cohan Court first noted that the plaintiff's complaint contained "precious few statements of fact specific to [that] case." Id. at *2. That is, after stripping away the "discussion of the ADA and the [c]omplaint's overly conclusory allegations," the court found that all that remained was a single allegation that the defendant "failed to 'provide the requisite lifts in the pool . . . area.'" Id. at *3.

The Cohan Court continued its analysis by noting, as Defendant does here, that under 36 C.F.R. § 1191 app. B § 242.2[2], "a swimming pool must have at least two accessible means of entry." Id. But the court also noted, as Defendant also notes, that "[a] pool lift . . . is only one of several permissible accessible means of entry" and that "the lack of a pool lift in [] a pool . . . does not itself violate the ADA standards." Id. As the court explained, "the applicable standards contain no requirement that *any* sort of facility

---

[2] Just as in Cohan, "36 C.F.R. § 1191 app. B § 242, incorporated into the ADA 2010 Standards for Accessible Design, provides the ADA standards relevant to this controversy." 2014 WL 1274128 at *3.

include a pool lift, as opposed to other accessible means of entry." *Id.* (emphasis in original). Therefore, the court concluded that the plaintiff's "allegation that the [defendant's] [f]acility lack[ed] 'pool lift(s),' even taken as true, [did] not state a violation of the applicable ADA standards." *Id.*

Here, the Court finds the *Cohan* Court's reasoning and analysis directly on point to the issues presented in Defendant's Motion. Similar to *Cohan*, when the Court strips away the Complaint's discussion of the ADA and its overly conclusory allegations, we too are left with a single factual allegation, alleging that "[t]he outdoor pool does not provide an accessible means of entry required by providing a swimming pool lift." (Doc. #1 at 6, ¶ 18). But as Defendant and the *Cohan* Court note, the applicable ADA standards, including 36 C.F.R. § 1191 app. B § 242, do not explicitly require a swimming pool lift. Instead, all that is required is at least two accessible means of entry. Therefore, even taking Plaintiff's single non-conclusory, factual allegation as true, the fact that Defendant does not have a pool lift does not in itself state a violation of the applicable ADA standards. Consequently, because Plaintiff has failed to plead enough facts to state a claim for a violation of the ADA, Defendant's Motion to Dismiss on the basis of failure to state a claim must be granted.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #6) is **GRANTED**. Plaintiff's Complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**. Because the dismissal is without prejudice, if Plaintiff wishes to proceed with this action, he must file an amended complaint on or before **October 14, 2014.**

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of September, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record